DIXIE–LAND IRON & METAL COMPA-
NY, INC., Plaintiff-Appellee,

v.

PIEDMONT IRON & METAL COMPA-
NY and Philip Goldberg,
Defendants-Appellants.

No. 76–3355.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1978.

Wm. J. Williams, Augusta, Ga., for Philip
Goldberg and N. Cohen.

George R. Ragsdale, Peter M. Foley, Ra-
leigh, N.C., for Piedmont Iron & Metal Co.

Glenville Haldi, Atlanta, Ga., for plain-
tiff-appellee.

Before BROWN, Chief Judge, TUTTLE
and THORNBERRY, Circuit Judges.

PER CURIAM:

After receipt of the record for purpose of
the appeal the appellant's counsel learned
for the first time that while the jury was
deliberating, the Trial Judge responded di-
rectly to an inquiry [1] from the jury without
notifying counsel either as to the fact of
inquiry or the answer given.

Considering the Court's charge to the
jury there was at least the possibility that
the jury in determining the actions of the
various defendant participants could legiti-
mately have found varying amounts as to
the several defendants. Consequently we
have no basis for concluding that this action
of the Trial Judge was not harmful. Ab-
sent that the venerable case of *Fillipon v.
Albion Vein Slate Co.*, 1919, 250 U.S. 76, 39
S.Ct. 435, 63 L.Ed. 853, compels reversal.
See also *Rogers v. United States*, 1974, 422
U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1; *Pe-
trycki v. Youngstown & Northern R. R. Co.*,
6 Cir., 1976, 531 F.2d 1363, *cert. denied*,
1976, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d
138. As it is not likely that the other as-
serted errors will recur on retrial, we need
not discuss them.

Reversed.

1. "If we find for the plaintiff, do we lump the
verdict? Do we pro-rate it? If so, how?"

"No pro-ration." [signed with the Judge's ini-
tials]